# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ROBERT ARELLANO,<br><br>Defendants. | Criminal Action No.: 17-cr-51 PGS<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on a motion by Defendant Robert Arellano to suppress evidence obtained as the fruit of an illegal wiretap (ECF No. 129). Defendant Arellano is charged with a violation of the Animal Fighting Venture Prohibition, 7 U.S.C. § 2156.

In the fall of October 2015, the Camden County Prosecutor's Office and the United States Drug Enforcement Administration were investigating a drug trafficking organization. During the investigation, the law enforcement officers obtained orders from a New Jersey Superior Court judge authorizing wiretaps (Wiretap Order). In the Wiretap Order, Judge Fox found that there was probable cause to intercept wire and electronic communications from Anthony Gaines and others, who were engaged in an alleged conspiracy to distribute controlled dangerous substances ("CDS"). The Wiretap Order further required that interception "shall end as soon as practical and be conducted in such a way as to minimize or eliminate the interception of communications other than the type described herein by making reasonable efforts, whenever possible, to reduce the hours of interception authorized by this [Wiretap] Order."

On October 8, 2015, a call between Gaines and Arellano was intercepted. That call lasted approximately 42 minutes. The call included a conversation about how long it took a dog to kill two other dogs, dog fighting bloodlines, medicating a dog in preparation for a dog fight, and a

dog who had four dog fighting-related kills. There was little or no conversation about any of the narcotics trafficking offenses.

On October 13, 2015, the Camden County Assistant Prosecutor Aronow notified Judge Fox about the conversation, and advised Judge Fox that New Jersey had no criminal statutes directly on point, and that dog fighting was not an enumerated offense under the New Jersey Wire Tap Act. The Prosecutor noted that the monitoring officers were "told to minimize calls related to dog fighting unless there is also a CDS pertinent reason to monitor the call;" and he further advised Judge Fox that there is a federal criminal statute prohibiting dog fighting under the Animal Fighting Venture Prohibition statute, 7 U.S.C. § 2156.

On November 19, 2015, the Prosecutor sought, and the Judge approved, the disclosure of the contents of intercepted conversations and data about dog fighting to the United States Attorney.

Defendant Arellano asserts that the interception of dog fighting data was beyond the scope of the wiretap authorization and, therefore, was illegally seized. As such, the evidence should be suppressed. The Court disagrees.

Generally, evidence of other crimes obtained through a court order may be intercepted without prior judicial authorization. *United States v. Vento*, 533 F. 2d 844, 855 (3d Cir. 1976); *United States v. Falcone*, 364 F. Supp. 877, 885-886 (D.N.J. 1973), *aff'd*, 500 F.2d 1401 (3d Cir. 1974).

The use of intercepts of wire or electronic communication relating to offenses other than those specified in the order of authorization may be disclosed to other law enforcement personnel where the judge finds the interception in accord with the Wiretap Order and 18 U.S.C. § 2517(5). The purpose of this statute is to prevent " 'subterfuge searches', in which the government uses a

warrant authorizing seizures of one type of evidence as a license to collect evidence of an offense not covered by the authorization." *United States v. Smith*, 776 F. 2d 857, 865 (1st Cir. 1984). Here, the Court looks at three factors, in determining whether to suppress the "other crime" intercepts. Specifically, the Court considers whether the original warrant was lawfully obtained; whether the original wiretap was sought in good faith and not a subterfuge; and whether the communication was intercepted incidentally during the course of a lawfully executed order. *See Vento*, 533 F. 2d at 855.

Here, after reviewing the record, the Court is satisfied that the intercepted communications did not constitute a "subterfuge search." The monitoring officers lawfully obtained wiretap orders from a New Jersey Superior Court judge to investigate drug trafficking offenses. Upon intercepting communications relating to dog fighting, the Prosecutor demonstrated good faith and diligence in disclosing this evidence to Judge Fox, and then sought and obtained the judge's permission to disclose these intercepted documents and evidence to federal law enforcement officers. As such, since the challenged interceptions are not the fruit of an illegal wiretap, Defendant's motion is denied.

ORDER

IT IS on this 7th day of February, 2018;

ORDERED that Defendant's motion to suppress evidence obtained as fruit of an illegal wiretap (ECF No. 129) by Robert Arellano is denied.

_____
PETER G. SHERIDAN, U.S.D.J.